Dear Attorney Hudson,
¶ 0 This office is in receipt of your request for an Attorney General Opinion in which you ask, in effect, as follows:
 May the Office of District Attorney pay, in whole or in part, the cost of leased office space outside the county courthouse to house the Bogus Check Restitution Program?
¶ 1 The Bogus Check Restitution Program is operated by the District Attorney pursuant to state statute. See 22 O.S.111-116 (1991-1998). District Attorneys are mandated to "assign sufficient staff and resources for the efficient operation of said program." 22 O.S. 111 (1991). The District Attorney is authorized by law to collect a fee from program participants which is equal to the amount of court costs that would have been assessed had the case been adjudicated instead of handled through the restitution program. The proceeds of that assessment, maintained in the county treasurer's "Bogus Check Restitution Program Fund," may be used by the District Attorney only "to defray the expense of" the program. 22 O.S. 114(B) (1991).
¶ 2 The county commissioners are to provide "[s]ufficient office space in the county courthouse . . . for the personnel and programs of the office of the district attorney." 19 O.S.215.36(A)(1) (1998). The state is responsible for "all proper expenses of maintenances and operations and capital outlay of said offices except as provided in Section 215.36[.]" 19 O.S.215.37A (1991). If the county commissioners do not provide sufficient courthouse space, they are to provide necessary offices "in a suitable building or buildings, for the lowest rent to be obtained at the county seat, or to secure and occupy suitable rooms at a free rent within the limits of the county seat or any of the additions thereto, until such county builds a courthouse." 19 O.S. 401 (1991).
¶ 3 When Oklahoma converted from a county attorney to a district attorney system in 1965, the law continued to require county commissioners to provide office space for district attorneys. The district attorneys inherited all powers previously vested by law in the county attorneys. See 19 O.S. 215.16
(1991). In 1982, Section 19 O.S. 215.36 was added to Title 19 by which the county continued to provide sufficient office space for the district attorney, but maintenance of county-owned property became a state expense. When county property wore out, it was replaced by the state. As for leased property,
 Capital assets or properties presently leased by the county and assigned for use to the office of the district attorney shall be assigned to the state by the county, at the request of the Council; thereafter, said capital assets or properties shall be leased by the state, subject to the terms and conditions of the lease agreements. Lease payments shall become the responsibility of the state."
19 O.S. 215.36 (1998).
¶ 4 Thus, the state may execute leases for office space sufficient for the needs of the district attorney, over and above the facilities provided in the courthouse by the county commissioners.
¶ 5 County commissioners have the express responsibility and principal obligation to provide county-owned office space for the district attorney. The District Attorney does not pay rent to the county for such office space, but the state pays for ordinary maintenance and repairs of that space. If the Bogus Check Restitution Program is housed in the county courthouse, under Section 22 O.S. 114(B) of Title 22 funds in the Bogus Check Restitution Program Fund may be used by the District Attorney in his or her discretion "to defray the expense of" the program. The ordinary maintenance and repairs of that space are legitimate expenditures provided for under 22 O.S. 114(B) (1991).
¶ 6 If the county had rented additional office space outside the courthouse for the District Attorney's use, the lease is assigned to the state, which continues to make the lease payments. Under 19 O.S. 215.36(B) (1998), the state may also enter into new leases for additional office space through the Oklahoma Central Purchasing Act, 74 O.S. 85.1 — 74 O.S.85.45k (1995-1998). In either case, if the additional space is to accommodate the Bogus Check Restitution Program, the district attorney may, in his or her discretion, legally expend some or all of the program's funds toward lease of that space.
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The District Attorney may pay, in whole or in part, the cost of leased office space outside the county courthouse to house the Bogus Check Restitution Program. The District Attorney may also apply the program's funds toward the maintenance and repairs of the county courthouse space dedicated to the program.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
WALTER W. JENNY, JR. ASSISTANT ATTORNEY GENERAL